UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DATA AXLE, INC., | Case No. 23-cv-3255 (LMP/DLM) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR AN ORDER IN AID OF JUDGMENT AND EXECUTION |
| CFM DATA NETWORK, LLC; ANDREW NOLTING; DOUGLAS FERRARA; JOHN and JANE DOES, | |
| Defendants. | |

On April 12, 2024, the Court entered default judgment in favor of Plaintiff Data Axle, Inc. ("Data Axle") against Defendant CFM Data Network, LLC ("CFM"). *See* ECF No. 37. On November 21, 2024, Data Axle moved for an "order in aid of judgment and execution," asking the Court to order post-judgment discovery into CFM's assets pursuant to Fed. R. Civ. P. 69(a)(2). *See* ECF No. 56. CFM did not formally respond to Data Axle's motion, although Data Axle represents in its meet-and-confer statement that Defendant Douglas Ferrara does not oppose the motion, and that Defendant Andrew Nolting is "neutral" as to the motion. ECF No. 63 ¶ 6.

It is unclear why the Court's involvement is necessary at this time. Federal Rule of Civil Procedure 69 "allows judgment creditors to conduct full post-judgment discovery to aid in executing judgment." *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998). But a judgment creditor does not need a court order to propound post-judgment discovery. *See Chevron Corp. v. Donziger,* 325 F. Supp. 3d 371, 377 (S.D.N.Y.

2018) (noting that "leave of court [is] not required to conduct post-judgment discovery with respect to enforcement of the monetary portion of [a] judgment"); *Mwani v. Al Qaeda*, No. 99-cv-125 (GMH), 2021 WL 5800737, at *12 (D.D.C. Dec. 7, 2021) ("Rule 69(a)(2) does not require permission from the district court to engage in post-judgment discovery."). Rather, once a plaintiff has a judgment in hand, it may proceed to engage in post-judgment discovery "as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

Indeed, the cases cited by Data Axle all involve discovery disputes that arose *after* post-judgment discovery was served. *See Credit Lyonnais*, 160 F.3d at 430 (motion to compel depositions after noticed deponents failed to appear); *United States v. McLean*, No. 23-cv-2096 (PJS/TNL), 2024 WL 3102252, at *1–2 (D. Minn. June 24, 2024) (motion to compel responses to post-judgment discovery requests); *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 255 (5th Cir. 2019) (same) *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 588 (W.D. Tex. 2000) (same); *SIM Surgical, LLC v. SpineFrontier, LLC*, No. 4:20-CV-01060-JAR, 2023 WL 1100380, at *1 (E.D. Mo. Jan. 30, 2023) (same).

There is no indication in the record that Data Axle has served any post-judgment discovery on CFM. *See* ECF No. 56 at 5–6 (referencing specific documents that Data Axle requests CFM and its agent and representative Nolting bring to a deposition). And although the Court can compel discovery under Fed. R. Civ. P. 37, it can only do so against a party that has not complied with its discovery obligations. *See generally* Fed. R. Civ. P. 37(a)(3) (providing for a remedy when a party "fails" to satisfy its discovery obligations). Because

2

Data Axle has not served any post-judgment discovery on CFM, there is nothing for the Court to correct.

Accordingly, the Court will deny Data Axle's motion for an "order in aid of judgment and execution." In so doing, the Court does not opine upon "what the proper scope of any such discovery might be in this case." *First Tech. Cap., Inc. v. Airborne, Inc.*, 380 F. Supp. 3d 217, 221 (W.D.N.Y. 2019). Any future discovery disputes "will be decided as they arise." *Id.* However, given Defendants' lack of objection to Data Axle's motion, the Court is optimistic that the parties can engage in Rule 69 post-judgment discovery without further court intervention.

## ORDER

Based upon all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED THAT** Data Axle's Motion for an Order in Aid of Judgment and Execution (ECF No. 56) is **DENIED WITHOUT PREJUDICE**.

Dated: December 9, 2024          *s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge