UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DATA AXLE, INC., | Case No. 23-cv-3255 (LMP/DLM) |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT FERRARA WITHOUT PREJUDICE |
| CFM DATA NETWORK, LLC; ANDREW NOLTING; DOUGLAS FERRARA; JOHN and JANE DOES, | |
| Defendants. | |

George W. Soule and Isaac W. Messmore, **Soule & Stull LLC, Edina, MN**; and John V. Matson, Patrick J. Kimmel, and Elizabeth Luebbert Enroth, **Koley Jessen P.C., L.L.O., Omaha, NE**, for Plaintiff.

Nathan M. Hansen, **Hansen Law Office, Willernie, MN**, for Defendant Andrew Nolting.

David Robbins, **Meyer Njus Tanick, PA, Minneapolis, MN**, for Defendant Douglas Ferrara.

This matter is before the Court on Plaintiff Data Axle, Inc.'s ("Data Axle") unopposed motion to dismiss Defendant Douglas Ferrara ("Ferrara") without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). ECF No. 77. For the following reasons, the Court grants the motion.

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) authorizes voluntary dismissals "on terms that the court considers proper" after a defendant has served his answer. Fed. R. Civ. P. 41(a)(2). A dismissal pursuant to Rule 41(a)(2) "is not one of right but is rather a matter for the discretion of the trial court." *Great Rivers Coop. of Se. Iowa v. Farmland Indus*.,

*Inc.*, 198 F.3d 685, 689 (8th Cir. 1999) (citation omitted).  In ruling on a Rule 41(a)(2) motion, a district court considers "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants."  *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (citation omitted).  Each of these factors weigh in favor of dismissal on the terms sought by Data Axle.

*First*, there is no indication that Data Axle is seeking dismissal for an improper purpose, such as forum shopping or the desire to avoid an unfavorable ruling.  *See Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).  Data Axle explains its reason that "through the discovery process, Data Axle and Mr. Ferrara have reached an agreement for Mr. Ferrara to be dismissed without prejudice." ECF No. 77 at 2.  Although this explanation is a bit vague, the Court understands that Data Axle has evaluated the merits of its case against Ferrara through discovery and has decided that the best outcome is to arrive at a compromise with Ferrara.  That is a proper reason for dismissal.  *See Holden v. Burlington N., Inc.*, 665 F. Supp. 1398, 1405 (D. Minn. 1987) ("Federal courts look with favor on the voluntary resolution of litigation through settlement.").

*Second*, very little judicial time and effort has been expended on the dispute between Data Axle and Ferrara.  Since Ferrara answered the complaint in June 2024, only a few brief pretrial conferences have been devoted to the dispute between Ferrara and Data Axle.  *See* ECF Nos. 49, 52, 66.  And the Court has heard no pretrial motions or discovery disputes

related to the case between Ferrara and Data Axle.[1] The judicial effort expended here is therefore rather meager. *See Blaes v. Johnson & Johnson*, 858 F.3d 508, 513–14 (8th Cir. 2017) (finding dismissal appropriate even when the parties had prepared for trial for over two years and the court had overseen discovery and considered pretrial motions); *Mullen*, 770 F.3d at 728–29 (affirming Rule 41(a)(2) dismissal when the court had already held two hearings on discovery disputes); *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262–63 (8th Cir. 1993) (affirming Rule 41(a)(2) dismissal after some discovery had been completed and the defendants moved for summary judgment).

*Third*, the Court discerns no prejudice to Ferrara or the remaining defendants in this case. Indeed, none of the Defendants have opposed or otherwise responded to Data Axle's motion, which the Court takes as an indication that no legal prejudice exists. *See Cooley v. ACH*, No. 24-cv-2457 (LMP/ECW), 2025 WL 696563, at *2 (D. Minn. Feb. 5, 2025) (finding no prejudice to the defendant when the defendant did not oppose dismissal), *report and recommendation adopted*, 2025 WL 692237 (D. Minn. Mar. 4, 2025). In sum, all three factors for dismissal weigh in Data Axle's favor. The Court is satisfied that dismissal of Defendant Douglas Ferrara is proper here.

## **CONCLUSION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[1] The Court has expended time on Data Axle's motion for sanctions against Defendant Andrew Nolting, ECF No. 57, but that motion does not implicate the dispute between Data Axle and Ferrara.

1. Data Axle's Motion to Dismiss (ECF No. 77) is **GRANTED**.

2. All claims against Defendant Douglas Ferrara are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 23, 2025            *s/Laura M. Provinzino*
                                Laura M. Provinzino
                                United States District Judge